UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENNETH LEE FLOWERS, #K7887                                    PLAINTIFF

VERSUS                               CIVIL ACTION NO.  3:14cv749-CWR-FKB

DONALD BRUCE BARLOW,
MENDENHALL POLICE DEPARTMENT,
and CITY OF MENDENHALL, MISSISSIPPI                            DEFENDANTS

<u>MEMORANDUM OPINION</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff Kenneth

Lee Flowers, an inmate presently incarcerated at the Leake County Regional Correctional Facility,

Carthage, Mississippi, files this complaint pursuant to 42 U.S.C. § 1983 against the following

Defendants: Donald Bruce Barlow, Mendenhall Police Department, and City of Mendenhall,

Mississippi.  He seeks as relief $1,000,000 in damages.

Plaintiff states that on April 12, 2010, Defendant Barlow "had a person lure the plaintiff to

Mendenhall so that he could have the plaintiff arrested, attempt to seize the plaintiff's vehicle, and

extort money from the plaintiff in return for him being released from police custody."  Compl. [1]

at 4.  According to Plaintiff, Defendant Barlow told him on or about July 12, 2010, to forfeit his

vehicle "and to come up with a couple thousand dollars in cash and [Plaintiff] would be released."

*Id*.  Plaintiff states in his response [7] filed November 13, 2014, that he "was unlawfully held in jail

from April 12, 2010, to July 27, 2010."  In support of his claim, Plaintiff argues that Defendant

Barlow in January 2014 pled guilty in the United States District Court to demanding money and

property from individuals and upon "payment" Defendant Barlow would release the individuals.

Compl. [1] at 4.  Plaintiff further states that "[i]nvestigators from the Miss. Attorney General['s] Office have confirmed that the plaintiff was never charged with a crime in Mendenhall."  *Id.*

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides  that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal --  (i) is frivolous[1] or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since Plaintiff was granted *in forma pauperis* status, § 1915(e)(2) applies to the instant case.

After reviewing Plaintiff's complaint [1] and response [7] and applying a liberal construction as required by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court has come to the conclusion that Plaintiff's claims are time-barred by the three-year statute of limitations.

A district court may consider, *sua sponte*, "affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings.  *Ali v. Higgs*, 892 F. 2d 438, 440 (5th Cir. 1990); *see also Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *Lopez-Vences v. Payne*, 74 F. App'x 398 (5th Cir. 1993).  The defense of limitations may be raised "*sua sponte . . .* [and] [d]ismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations."  *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)).

There is no federal statute of limitations for civil rights actions.  *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (holding that a federal court must borrow the forum state's general personal injury limitations period since there is no federal statute of limitations for civil rights actions brought

---

[1] A case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law.  *See*, *e.g., Neitzke v. Williams*, 490 U.S. 319 (1989).

pursuant to 42 U.S.C. § 1983).  The Court therefore must borrow the general personal injury limitations period for Mississippi and apply it to the allegations of the instant civil action.  *Id.*  The applicable Mississippi statute of limitations period is three years.  *See James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990) (holding Mississippi's three-year general personal injury limitations period applicable to § 1983 cases); *see also* MISS. CODE ANN. § 15-1-49 (1972), as amended.  While Mississippi law governs the applicable limitations period, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law."  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  As such, an action accrues when a plaintiff has "a complete and present cause of action."  *Id*.  As noted by the Fifth Circuit:

> Under federal law, the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.  A plaintiff's awareness encompasses two elements: (1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions.  A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim.  Actual knowledge is not required if the circumstances would lead a reasonable person to investigate further.

*Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotations and citations omitted); *see also Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (citing *Piotrowski, supra*).  Finally, the federal court should also give effect to the forum state's applicable tolling provisions.  *See Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992) (considering a Texas statute that regarded imprisonment as a disability which tolled the statute of limitations).  Courts in this district have ruled that Mississippi law does not afford a tolling provision for incarceration.  *See Fullove v. Evan*, No. 2:12-CV-132-KS-MTP, 2012 WL 6045352, at *2 (S.D. Miss. Dec. 5, 2012); *Terrell v. Copiah County*, No. 3:11-CV-714-HTW-LRA, 2012 WL 1458205, at *2 (S.D. Miss. Apr. 27, 2012); *Henry v. Hancock County,* No. 1:10-CV-245-HSO-JMR, 2011 WL 825679, at *2 (S.D. Miss. Mar. 2, 2011); *Bradford v. Hutchison*, No. 5:09-CV-112-DCB-MTP, 2009 WL 3400948, at *2 (S.D. Miss.

Oct. 16, 2009); *Booker v. Police Dep't of City of Jackson, Miss.*, No. 3:08-CV-743-DPJ-JCS, 2009 WL 691988, at *2 (S.D. Miss. Mar. 12, 2009); *Edmonson v. Ishee*, No. 2:07-CV-46-KS-MTP, 2007 WL 4532195, at *2 (S.D. Miss. Dec. 18, 2007); *Campbell v. Hartcars, Inc.*, No. 1:06-CV-149-LG-JMR, 2007 WL 869625, at *3 (S.D. Miss. Mar. 20, 2007).  Additionally, "ignorance of . . . legal rights, or failure to seek legal advice, [does] not toll the statute of limitations."  *Quina v. Owens-Corning Fiberglas Corp.*, 575 F.2d 1115, 1118 (5th Cir. 1978) (quoting *Howard v. Sun Oil Co.*, 404 F.2d 569, 601 (5th Cir. 1968)); *see also Brown v. Pool*, 79 F. App'x 15, 17 (5th Cir. 2003) (holding even when a plaintiff "did not understand the legal significance of the defendants' alleged actions and omissions until he was later informed of his rights is not relevant when determining the date on which the limitations period begins to run in a 42 U.S.C. § 1983 action").

From the allegations of the complaint [1] and Plaintiff's response [7], it is clear that as of April 12, 2010, Plaintiff was aware of his injury and the connection between the injury and Defendant Barlow's alleged conduct.  *See Piotrowski*, 237 F.3d at 576.  Therefore, giving Plaintiff the benefit of the later date of July 27, 2010, when he was released, the limitation period expired on July 27, 2013.  Plaintiff's claims accrued more than three years prior to filing the present action on September 25, 2014, and are time-barred.  *See Douglas v. Miss. Crime Lab.*, No. 3:12-CV-203HTW-MTP, 2013 WL 6230084, at *5, n. 7 (S.D. Miss. Nov. 30, 2013)(citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE, § 1357 AT 714-21 (3d ed. 2004)("[T]he inclusion of dates in the complaint indicating that the action is untimely renders it subject to dismissal for failure to state a claim.")).  As such, Plaintiff cannot maintain the instant civil action.

As discussed above, it is clear that Plaintiff's claims alleged in the instant civil action are barred by the statute of limitations.  With that in mind, Plaintiff's complaint is without an arguable

claim, and is dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  *See Gartrell*, 981 F.2d at 256; *see also Ramon v. Rodriguez-Mendoza*, No. 09-50607, 2010 WL 1287062, *1 (5th Cir. Apr. 1, 2010) (affirming district court's dismissal of prisoner § 1983 case as frivolous because it was barred by statute of limitations).

Since this case is dismissed pursuant to the above mentioned provisions of the Prison Litigation Reform Act, it will be counted as a "strike".  *See* 28 U.S.C. 1915(g).  If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be issued.

**SO ORDERED AND ADJUDGED** this the 9th day of December, 2014.

s/Carlton W. Reeves_____
UNITED STATES DISTRICT JUDGE